I HEREBY CERTIFY THAT THIS
DOCUMENT WAS SERVED BY FIRST
CLASS MAIL, POSTAGE PREPAID, TO
(SEE BELOW) AT THEIR RESPECTIVE
MOST RECENT ADDRESS OF RECORD IN
THIS ACTION ON THIS DATE

TO:          DATE:    DEPUTY CLERK:

Plaintiff w/form on 7-06-15 by TS



**FILED**
CLERK, U.S. DISTRICT COURT

July 6, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: ____ TS ____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

RICKEY TRENT SMITH,

      Plaintiff,

      v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION,

      Defendants.

No. ED CV 15-0666-JAK (DFM)

MEMORANDUM AND ORDER
DISMISSING COMPLAINT WITH
LEAVE TO AMEND

## I.

## INTRODUCTION

On April 7, 2015, Rickey Trent Smith ("Plaintiff") filed a <u>pro se</u> complaint against the California Department of Corrections and Rehabilitation ("CDCR"). Dkt 1 ("Complaint"). Plaintiff was formerly incarcerated at the California Institution for Men ("CIM") in Chino, California. Complaint at 5.[1] The Complaint alleges violations of constitutional rights under 42 U.S.C. §

---

[1] Page citations to Plaintiff's pleadings refer to the CM/ECF pagination.

1983, violations of the Americans with Disabilities Act ("ADA"), and violations of rights protected by state law. Specifically, the Complaint alleges the following causes of action: (1) false imprisonment; (2) cruel and unusual punishment; (3) mental stress; (4) loss of liberty; (5) deliberate indifference; (6) ADA discrimination; and (7) contempt of court. Complaint at 5, 6. The gravamen of Plaintiff's complaint is that the CDCR incorrectly calculated his time of release, extending his incarceration by 127 days, because they failed to give him 2 for 1 time credits. Id. Plaintiff seeks compensatory and punitive damages in the amount of $1,000 per day per violation, equaling a total of $1,016,000. Id.

Because Plaintiff proceeds in forma pauperis, this Court screens the Complaint in accordance with 28 U.S.C. § 1915(e)(2) for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.

## II.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS

On September 19, 2014, Plaintiff pleaded guilty to a charge of being a felon in possession of a firearm, and received a sentence of 2 years and 8 months with credit for time served.[2] Id. at 5, 6. Plaintiff assumed that his time would be recalculated once he was in a CDCR facility at the 2 for 1 credit rate, giving him an "out date," or release date, of December 10, 2014. Id. Plaintiff's counselor at the reception center at North Kern State Prison told Plaintiff that his time would be recalculated once he reached the "main line." Id. On December 30, 2014, Plaintiff was transferred to CIM where he received a

---

[2] For the purposes of this Memorandum and Order, the facts alleged in the Complaint are taken as true.

release date of May 16, 2015. Id. Plaintiff filed an inmate appeal on form CDCR 602 in which he contended that he was eligible for 2 for 1 credits. Id. at 5, 12. The CDCR rejected Plaintiff's appeal, explaining that Plaintiff did not meet the criteria for 2 for 1 credits. Id. at 5, 11. After several more appeals Plaintiff was given a readjusted release date of April 12, 2015. Id. at 6. Plaintiff was released on April 12, 2015. Dkt. 8 at 2.

### III.

### STANDARD OF REVIEW

The Court's screening of the Complaint is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons:  (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations must be taken as true and construed in the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Further, since Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).  Moreover, with respect to Plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06; see, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) (holding that "[b]ecause any amendment would be futile, there was no need to prolong the litigation by permitting further amendment").

4

# III.

# DISCUSSION

## A.   The Complaint Fails to State a State-Law Claim

Plaintiff alleges false imprisonment and mental stress as his first and third causes of action. Complaint at 5. This Court construes a claim for mental stress as a claim for infliction of emotional distress. False imprisonment and infliction of emotional distress are state law tort claims. See Martinez v. City of Los Angeles, 141 F.3d 1373, 1377 (9th Cir. 1998); Mangold v. California Pub. Utilities Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Plaintiff's state-law claims do not fall under § 1983, but under the California Tort Claims Act ("CTCA"). See California Government Code § 900 et seq.; State v. Super. Ct., 32 Cal. 4th 1234 (2004).

The filing of a tort claim in the time and manner prescribed by California law is a prerequisite to the filing of a lawsuit against any state employee or entity. Cal. Gov. Code §§ 905.2, 911.2, 945.4, 950.2; Munoz v. California, 33 Cal. App. 4th 1767, 1776 (1995). The CTCA provides the requisites for the filing of a tort claim against state employees and entities. Under the CTCA, a tort claim against a state employee or entity must be presented by mail or other delivery to the California Victim's Compensation Government Claims Board within either six months or a year of the accrual of the cause of action. See Cal. Gov. Code §§ 911.2; 911.3; 915. Timely claim presentation is not merely a procedural requirement but "a condition precedent to plaintiff's maintaining an action against [a state employee or entity] defendant." California v. Super. Ct. (Bodde), 32 Cal. 4th 1234, 1240 (2004). Failure to file a timely claim is fatal to a cause of action for negligence or other state tort. See Hacienda La Puente Unified Sch. Dist. of L.A. v. Honig, 976 F.2d 487, 495 (9th Cir. 1992) (citing City of San Jose v. Super. Ct. (Lands Unlimited), 12 Cal. 3d 447, 454 (1974)).

Federal courts require compliance with the CTCA for pendant state law claims that seek damages against state public employees or entities. See Willis v. Reddin, 418 F.2d 702, 704 (9th Cir. 1969); see also Mangold, 67 F.3d at 1477. State tort claims included in a federal action may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement. Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988); Butler v. L.A. Cnty., 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008) ("Although a plaintiff may include supplemental state law claims in a civil rights action brought in federal court pursuant to 42 U.S.C. § 1983, the state law claims are subject to dismissal for failure to allege compliance with the claim-filing requirement of the CTCA.").

Here, Plaintiff fails to allege either that he complied with this requirement or to offer any reason excusing such compliance. Therefore, Plaintiff's state-law false imprisonment and infliction of emotional distress claims are subject to dismissal.

**B.     The Complaint Fails to State a Claim Under § 1983**

Plaintiff alleges cruel and unusual punishment, loss of liberty, and deliberate indifference as his second, fourth and fifth causes of action. Complaint at 5. This Court interprets Plaintiff's complaint to allege that his due process, equal protection, and Eighth Amendment rights have been violated. Suits for constitutional violations may be brought against state actors under 42 U.S.C. § 1983. See Lee v. City of Los Angeles, 250 F.3d 668, 680 (9th Cir. 2001). A suit for "damages for excessive custody can be a legitimate § 1983 claim." Ward v. Brown, 891 F. Supp. 2d 1149, 1163 (E.D. Cal. 2012). Furthermore, section 2933 of the California Penal Code, which grants time credits to inmates, may create a liberty interest in such credits. Edwards v. Swarthout, 597 F. App'x 914, 915-16 (9th Cir. 2014).

///

6

Plaintiff names the CDCR as the sole Defendant. Complaint at 1. The CDCR is an agency of the State of California. See Brown v. Cal. Dep't of Corrections, 554 F.3d 747, 752 (9th Cir. 2009). However, state agencies are immune from claims for damages under 42 U.S.C. § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (holding that states, state agencies and state officials sued in their official capacities are not persons subject to civil rights lawsuits under 42 U.S.C. § 1983); see also Hafer v. Melo, 502 U.S. 21, 30 (1991) (clarifying that the Eleventh Amendment does not bar suits against state officials sued in their individual capacities nor does it bar prospective injunctive relief claims against state officials in their official capacities).

To overcome the Eleventh Amendment bar on federal jurisdiction over suits by individuals against a State and its instrumentalities, either the State must have "unequivocally expressed" its consent to waive its sovereign immunity or Congress must have abrogated it. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984). Congress has not abrogated State sovereign immunity against suits under 42 U.S.C. § 1983.

In order to state a claim for damages under § 1983, Plaintiff must name individual defendants in their individual capacities, rather than naming either state agencies or individual defendants in their official capacities. Plaintiff must allege in specific terms who each of the named defendants are and how each named defendant is involved in the alleged constitutional violation. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 377 (1976); See May v. Enomoto, 633 F.2d 164, 167 (9th Cir.1980). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982). Therefore, Plaintiff's § 1983 claim for damages against

7

1    CDCR is subject to dismissal.

2    **C.    The Complaint Fails to State a Claim Under the ADA**

3         The ADA applies to inmates. <u>Pennsylvania Dep't of Corr. v. Yeskey</u>,

4    524 U.S. 206, 213 (1998) (holding that "the plain text of Title II of the ADA

5    unambiguously extends to state prison inmates"). Title II of the ADA

6    provides: "Subject to the provisions of this subchapter, no qualified individual

7    with a disability shall, by reason of such disability, be excluded from

8    participation in or be denied the benefits of the services, programs, or activities

9    of a public entity, or be subjected to discrimination by any such entity." 42

10   U.S.C. § 12132. "To prove that a public program or service violated Title II of

11   the ADA, a plaintiff must show: (1) he is a 'qualified individual with a

12   disability'; (2) he was either excluded from participation in or denied the

13   benefits of a public entity's services, programs, or activities, or was otherwise

14   discriminated against by the public entity; and (3) such exclusion, denial of

15   benefits, or discrimination was by reason of his disability." <u>Duvall v. Cnty. of

16   Kitsap</u>, 260 F.3d 1124, 1135 (9th Cir. 2001), <u>as amended on denial of reh'g</u>

17   (Oct. 11, 2001).

18        Plaintiff claims that he was assigned to "medium custody" because "due

19   to [his] disability he wasn't eligible for a gate post." Complaint at 5. Yet

20   Plaintiff also claims he "was still housed in a minimum custody yard." <u>Id.</u> A

21   CDCR letter rejecting Plaintiff's appeal of the denial of time credits seems to

22   infer that Plaintiff was not in minimum custody and therefore was not eligible

23   for those credits. <u>See id.</u> at 11. While the Court is unclear what a "gate post" is

24   in this context, it appears that Plaintiff contends that he was denied minimum

25   security assignment solely due to his disability, and that assignment rendered

26   him ineligible for time credits.

27        However, to state an ADA claim for money damages, a plaintiff has to

28   allege that prison officials were deliberately indifferent to the risk that they

8

were violating plaintiff's federally protected rights. <u>Duvall</u>, 260 F.3d at 1138-39. "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that the likelihood." <u>Id.</u> at 1139. Because Plaintiff has not named any prison official as Defendant in the Complaint and has not alleged that any official knew of the risk to Plaintiff's federally protected rights and then failed to act, Plaintiff has not alleged sufficient facts to allow this Court to infer that any prison official was deliberately indifferent. Therefore, Plaintiff's ADA claim is subject to dismissal.

### IV.

### CONCLUSION

For the reasons discussed above, the complaint is subject to dismissal. Because it is not absolutely clear that Plaintiff's pleading deficiencies cannot be cured by amendment, such dismissal will be with leave to amend. If Plaintiff still desires to pursue his potential claims, he shall file a First Amended Complaint within thirty-five (35) days of the date of this Order remedying the deficiencies discussed above. Plaintiff's First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading, attachment or document.

///
///
///
///
///
///
///
///

1    **Plaintiff is admonished that, if he fails to timely file a First Amended**

2    **Complaint, the Court will recommend that this action be dismissed with**

3    **prejudice for failure to diligently prosecute.**

4

5    Dated:  July 6, 2015

6

7    _____

8    DOUGLAS F. McCORMICK
     United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28